Jeremy R. Schulze, OSB #160528
Betts, Patterson & Mines, P.S.
701 Pike Street, Suite 1400
Seattle, WA  98101-3927
Telephone:   206-292-9988
Facsimile:    206-343-7053

Attorneys for Defendant Preferred
Contractors Insurance Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| HOSPITALITY MANAGEMENT, INC., an Oregon corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>PREFERRED CONTRACTORS INSURANCE COMPANY, a Montana corporation<br><br>      Defendant. | NO.  3:18-cv-00452-YY<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT |

    Defendant Preferred Contractors Insurance Company Risk Retention Group LLC ("PCIC") through its attorneys Betts, Patterson & Mines, P.S. answers Plaintiff's Complaint ("Complaint") as follows:

1. PCIC admits that Plaintiff was involved in a lawsuit in the Circuit Court of Washington County captioned *Commons at Cedar Mill v. KeyWay Corp., et al.*, C154229CV, and denies any other or further allegation in this paragraph.

## THE PARTIES

2. Admitted.

Page 1 – DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT

3.     PCIC admits that it is a limited liability company organized under the laws of the State of Montana, with its principal place of business in Montana and denies any other or further allegation in paragraph 3.

## JURISDICTION AND VENUE

4.     PCIC admits that jurisdiction over PCIC with respect to this action in the United States District Court for the District of Oregon is proper. PCIC denies any other or further allegation in paragraph 4.

5.     PCIC admits that venue before the United States District Court for the District of Oregon is proper.  PCIC lacks information sufficient to form a belief as to whether venue within Washington County, Oregon would be appropriate under ORS § 14.080 and denies that allegation and denies any other or further allegation in this paragraph.

## THE POLICIES

6.     PCIC admits that it issued policies bearing policy numbers PC 2751, PC 2751-02, PC2751-03, and PC 2751-04, which were in effect from February 20th, 2009 to February 20th, 2010; February 20th, 2010 to February 20th, 2011; February 20th, 2011 to February 20th, 2012; and February 20th, 2012 to February 20th 2013 respectively. Each of these four policies was issued by PCIC through Builders Tradesmens Insurance Services Inc. of California acting as a broker for Hospitality Management, Inc., and each of these four policies lists Hospitality Management, Inc. as a named insured. PCIC denies any other or further allegation in this paragraph.

## THE UNDERLYING LAWSUIT

7.     PCIC admits that the complaint in *Commons at Cedar Mill v. Keyway Corp., et al.*, described Commons at Cedar Mill, LLC as the owner of an apartment complex at 12450 NW Barnes Road in Portland Oregon. PCIC lacks information sufficient to form a belief as to any other or further allegation in this paragraph and therefore denies any such allegation.

8. The Complaint in *Commons at Cedar Mill v. Keyway Corp., et al.,* speaks for itself and no response to the allegations in that Complaint is required from PCIC. The remaining allegations in this paragraph call for legal conclusions, and PCIC therefore denies them.

9. The Third Party Complaint by Key Way against Plaintiff in *Commons at Cedar Mill v. Keyway Corp., et al.,* speaks for itself and no response to the allegations in that Complaint is required from PCIC. The remaining allegations in this paragraph call for legal conclusion, and PCIC therefore denies them.

10. PCIC admits that on or about December 9th, 2015 Richard Senders of the law firm Rose Senders and Bovarnick wrote to PCIC to tender the defense of Plaintiff against the allegations in Key Way's Third Party Complaint in *Commons at Cedar Mill v. Kewway Corp., et al.* PCIC further admits that it conditionally agreed to provide Plaintiff with a defense against Key Way's claim on or about January 8, 2016.  PCIC denies any other or further allegation in this paragraph.

11. Denied. Answering further, PCIC avers that Plaintiff has not performed or satisfied the terms, conditions, duties, or obligations necessary to establish coverage under PCIC's policies, and they have not been waived. Before there is a possibility of coverage, Plaintiff must affirmatively demonstrate that its claim satisfies comes within the coverage offered by the manuscript policy provisions and the other policy terms and conditions that form the grant of coverage, including:

   a) The deductible;
   b) The insuring agreement;
   c) The conditions including the common policy conditions, the additional conditions, the subcontractor condition, and the unlicensed contractor condition.

Plaintiff's claims do not satisfy these terms and conditions because, inter alia, coverage extends only claims have not been assigned and that are brought against the insured by entities that do not share management or ownership with the insured.

Page 3 – DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT

1236139.docx/032218 2055/8316-0005

## JUDGMENT

12. PCIC admits that on or about March 16, 2017 counsel for Commons communicated with counsel for Plaintiff regarding *Commons at Cedar Mill v. Kewway Corp., et al.* The remainder of the allegations in this paragraph are legal conclusions or matters for which PCIC lacks information sufficient to form a belief, and PCIC therefore denies them.

13. Denied.

14. Denied.

15. Denied.

16. PCIC lacks information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

## CLAIM FOR RELIEF

### (Breach of Contract – Indemnity)

17. This paragraph incorporates Plaintiff's allegations in prior paragraphs by reference. PCIC incorporates its responses to those allegations by reference.

18. Denied.

19. Denied

20. Denied.

21. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff made material misrepresentations in the negotiation of the policy.

2. Plaintiff fails to state claims for which relief can be granted.

3. Plaintiff failed to join a necessary and indispensable party, Commons at Cedar Mill.

4. Plaintiff failed to join the real party in interest, Commons at Cedar Mill.

5. Plaintiff's own acts and/or failure to act have caused or contributed to the alleged damages.

6. Plaintiff's claims are barred by the doctrine of unclean hands. On information and belief, Plaintiff, Key Way, and Commons at Cedar Mill share common management and ownership and the settlement among them was not an arms-length settlement.

7. Plaintiff's claims fall within the exclusions to coverage in PCIC's policies, including the exclusions for:

   a. Contractual Liability;
   b. Damage to Property;
   c. Damage to Your Product;
   d. Damage to Your Work;
   e. Damage to Impaired Property or Property Not Physically Injured;
   f. Recall of Products, Work or Impaired Property;
   g. Prior Completed or Abandoned Work;
   h. Wrap-Up;
   i. Designated Operations;
   j. Deleterious Substances;
   k. Professional Services;
   l. Condominiums and Multi Family Homes;
   m. Past Work or Construction Projects;
   n. Buildings and Structures Exceeding Three Stories;
   o. Prior Litigation;
   p. Prior Knowledge;
   q. Ongoing Operations;
   r. Contractual Liability;
   s. Known Loss;
   t. Additional Exclusions.

## PRAYER FOR RELIEF

PCIC respectfully asks that the Court:

1. dismiss Plaintiff's Complaint with prejudice;

2. award PCIC its costs and expenses, including reasonable attorney fees incurred in defense of this action;

3. award PCIC such other and further relief as the Court may deem just and proper.

DATED this 22nd day of March, 2018.

                                              BETTS, PATTERSON & MINES, P.S.

                                              By /s Jeremy R. Schulze
                                                  Jeremy R. Schulze, OSB #160528
                                            Betts, Patterson & Mines, P.S.
                                            One Convention Place, Suite 1400
                                            701 Pike Street
                                            Seattle WA  98101-3927
                                            Telephone:     (206) 292-9988
                                            Facsimile:      (206) 343-7053
                                            E-mail:         jschulze@bpmlaw.com
                                            Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and the document is available for viewing and downloading from the CM/ECF system. I also certify that the foregoing document is being served electronically via the Court's CM/ECF notice system upon the following counsel of record::

*Counsel for Plaintiff Hospitality Management, Inc.*
Michael E. Farnell
Kristopher L. Kolta
Parsons Farnell & Grein, LLP
1030 SW Morrison St
Portland, OR  97205-2626

DATED this 22nd day of March 2018.

BETTS, PATTERSON & MINES, P.S.

By  /s Jeremy R. Schulze
    Jeremy R. Schulze, OSB #160528
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle WA  98101-3927
Telephone:    (206) 292-9988
Facsimile:    (206) 343-7053
E-mail:       jschulze@bpmlaw.com
Attorneys for Defendant

Page 7 – DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT

1236139.docx/032218 2055/8316-0005