Jeremy R. Schulze, OSB No. 160528
Email:  lschulze@bpmlaw.com
Betts, Patterson & Mines, P.S.
111 SW 5th Avenue, Suite 3650
Portland, OR 97204
Telephone:     (503) 961-6338
Facsimile:      (503) 961-6339

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| HOSPITALITY MANAGEMENT, INC., an Oregon corporation,<br><br>                              Plaintiff,<br><br>vs.<br><br>PREFERRED CONTRACTORS INSURANCE COMPANY, a Montana corporation<br><br>                              Defendant. | NO. 3:18-cv-00452-YY<br><br>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Preferred Contractors Insurance Company ("PCIC") issued four insurance policies to Plaintiff Hospitality Management, Inc. ("HMI"). PCIC's policies give PCIC the right to defend HMI against certain lawsuits, require HMI to cooperate in defending those suits. PCIC's policies prevent HMI from prejudicing its own defense, and specifically prohibit HMI from assigning its rights under PCIC's policies, or from voluntarily assuming legal liability when HMI gets sued.

Page 1 – DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

PCIC defended HMI in the underlying lawsuit. Even so, HMI decided to violate the terms and conditions of PCIC's policies. HMI assigned all of its rights against PCIC to Keyway Corp. ("Keyway") in exchange for Keyway's agreement not to execute against any of HMI's assets other than PCIC's policies. HMI assigned its insurance rights to Keyway. Shortly thereafter, a $2.5 million stipulated judgment against HMI and in favor of Keyway was entered in the underlying case. PCIC does not owe coverage because HMI's assignment and voluntary assumption of liability violated the terms and conditions of PCIC's policies.

An Oregon statute provides the conditions under which a policyholder can ignore policy terms preventing the assignment of claims. ORS 31.825 allows a policyholder to assign "a specific type of claim against [its] insurer—claims that the insurer's negligent or bad faith failure to settle within policy limits had resulted in an 'excess judgment'—to the plaintiff, in exchange for a covenant not to execute against the defendant, without extinguishing the underlying liability." Brownstone Homes Condo. Ass'n v. Brownstone Forest Heights, LLC, 358 Or 223, 236, 363 P3d 467, 474 (2015)(discussing ORS 31.825). But ORS 31.825 permits "that outcome only when the excess judgment is in place before the assignment is given." Id. (emphasis added).

## I.   FACTS

### A.   The PCIC Policies

All four of PCIC's policies contain language requiring HMI to cooperate in the defense of claims.  Ex. 2 at 31, 52; Ex. 3 at 23, 25; Ex. 4 at 23.  The policies also prohibit HMI from assigning claims without PCIC's written consent.

Page 2 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

sj motion (002).docx/112219 1657/8316-0005

In the event of a claim, PCIC's policies provide that: "No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent." Declaration of Jeremy Schulze ("Schulze Dec.") Ex. 1 at 23. The policies further provide as a condition of coverage that: "Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured" and that "[t]his Policy, including the rights and obligations hereunder, may not be transferred or assigned unless consented to in writing by the [PCIC]." Id. at 30, 51. Finally, the policies further provide that "No person or organization has the right under this Coverage part: . . . To sue us on this Coverage Part unless all of its terms have been fully complied with." *Id*. at 23. PCIC's subsequent policies also contain anti-assignment clauses. Schulze Dec. Ex. 2 at 31, 52; Ex. 3 at 23, 25; Ex. 4 at 23, 25.

**B.     HMI's Assignment of Claims**

HMI and Keyway entered an agreement to stipulate to liability on July 26, 2017. Dkt. 17-3 at 5. The agreement provides "in consideration of the promises and payment in this Agreement, and only upon HMI's satisfaction of the conditions referenced in paragraph 8(b), the Limited and Conditional Covenant shall constitute KeyWay's irrevocable covenant and agreement not to execute under any circumstances against the assets of HMI, except as provided in paragraph 6(a)." *Id.* at 2. Paragraph 6(a) of the agreement allows Keyway to proceed solely against the assets of HMI's insurers. Paragraph 8 of the agreement is not numbered, but provides in relevant part that "[t]he parties acknowledge that their information regarding the Claims made is sufficient to enter into this Agreement. Each party therefore accepts and assumes all risk of facts turning out to be different, such as the Claims being greater, different or more extensive than now known, anticipated or expected. In spite of this risk, the parties to this Agreement agree that this Agreement shall be and remain in all respects

Page 3 – DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

sj motion (002).docx/112219 1657/8316-0005

effective and not subject to termination or rescission by virtue of any such mistake, change or difference in facts." *Id.* at 3.

C.  **The Stipulated Judgment**

HMI and Keyway entered as stipulated judgment of $2.5 million on July 27, 2017. Dkt. 17-5 at 3.

## II.   ARGUMENT

Anti-assignment clauses are enforceable in Oregon except to the extent they conflict with ORS 31.825. *Holloway v. Republic Indem. Co. of Am.*, 341 Or 642, 652, 147 P3d 329, 35 (2006). An anti-assignment clause may validly apply to both pre-loss and post-loss assignments of claims.

ORS 31.825 provides an exception to the Holloway rule when a judgment against the insured precedes the insureds assignment of claims. ORS 31.825 allows the "assignment of claims that arise from a judgment against the insured" rather than judgments that arise from an earlier assignment. *Clinton Condominiums Owners Ass'n v. Truck Ins. Exch.*, 282 Or App 484, 487, 385 P3d 1279, 1281 (2016).

ORS 31.825 is "intended to allow insured defendants to assign a specific type of claim against their insurer—claims that the insurer's negligent or bad faith failure to settle within policy limits had resulted in an "excess judgment"—to the plaintiff, in exchange for a covenant not to execute against the defendant, without extinguishing the underlying liability. And it intended to permit that outcome only when the excess judgment is in place before the assignment is given." *Brownstone Homes Condo. Ass'n v. Brownstone Forest Heights, LLC*, 358 Or 223, 236, 363 P3d 467, 474 (2015).

An insured's decision to sign a confession of judgment while receiving a reservation of rights defense is proof the insured "willfully and voluntarily assumed an obligation" to the underlying claimant and "has breached the voluntary assumption of obligation clause and is

Page 4 – DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

sj motion (002).docx/112219 1657/8316-0005

thus barred from coverage" as against its insured. *Charter Oak Fire Ins. Co. v. Interstate Mech., Inc.*, 958 F Supp 2d 1188, 1197 (D Or 2013), vac'd, 3:10-CV-01505-PK, 2014 WL 9849553 (D Or Jan 6, 2014).

Even in the absence of an anti-assignment clause, a policyholder that is receiving a defense forfeits coverage by executing a confession to judgment, doing so is "conclusive proof" that the policyholder "failed to cooperate and that its failure to cooperate has prejudiced" a defending insurer with respect to a claim. *Id.*

DATED this 22nd day of November, 2019

BETTS, PATTERSON & MINES, P.S.

By  */s Jeremy R. Schulze*
Jeremy R. Schulze, OSB #160528
Betts, Patterson & Mines, P.S.
111 SW 5th Avenue, Suite 3650
Portland, OR 97204
Telephone:  (503) 961-6338
Facsimile:  (503) 961-6339
E-mail:  jschulze@bpmlaw.com

*Attorneys for Defendant*

Page 5 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

sj motion (002).docx/112219 1657/8316-0005

## CERTIFICATE OF SERVICE

I, Tatyana Stakhnyuk, hereby certify that on November 22, 2019, I electronically filed the following:

- **Defendant's Motion for Summary Judgment; and**
- **Certificate of Service.**

with the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Plaintiff Hospitality Management, Inc.*
Michael E. Farnell
Kristopher L. Kolta
Parsons Farnell & Grein, LLP
1030 SW Morrison St
Portland, OR  97205-2626

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 22nd day of November 2019.

/s Tatyana Stakhnyuk
Tatyana Stakhnyuk, Legal Assistant

Page 6 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

sj motion (002).docx/112219 1657/8316-0005