UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

HOSPITALITY MANAGEMENT, INC., an
Oregon Corporation,

            Plaintiff,

   v.

PREFERRED CONTRACTORS INSURANCE
COMPANY, a Montana Corporation,

            Defendant.

Case No. 3:18-cv-00452-YY

ORDER

YOU, Magistrate Judge:

On September 4, 2019, this court granted plaintiff's Motion for Imposition of Sanctions. ECF #33. The court further ordered plaintiff to submit a fee petition detailing its fees and costs associated with bringing the sanctions motion, as well as defendant's cancellation of the scheduled June and July 2019 depositions. *Id.* Consistent with that order, plaintiff has filed a timely Attorney Fee Petition in the amount of $42,360. ECF #34.

The court has reviewed the motion, time entries, and supporting documents. The attorneys' hourly rates fall within the parameters set forth in the 2017 Oregon State Bar Economic Survey. However, several time entries are excessive, given the nature of the work described. Accordingly, plaintiff's motion is granted in part and denied in part.

1 – ORDER

## DISCUSSION

I.   **Attorney's Fees**

   A.   **Lodestar Method**

The court calculates attorney's fees using the lodestar method, *i.e.*, multiplying the number of hours worked by the reasonable hourly rate. *See Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) (holding "the lodestar approach" is "the guiding light" when determining reasonable fees). In determining the "reasonable hourly rate to use for attorneys and paralegals[,]" the court looks to the "prevailing market rates in the relevant community." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (citations and internal quotation marks omitted). The court excludes hours "that are excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

"[T]here is a strong presumption that the lodestar is sufficient." *Perdue*, 559 U.S. at 556. "[A] multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quotations and citations omitted). "Adjustments [to the lodestar amount] must be carefully tailored . . . and [made] only to the extent a factor has not been subsumed within the lodestar calculation." *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2009) (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 983 (9th Cir. 2008)). The party seeking fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of

those hours worked." *United Steelworkers of Am. v. Ret. Income Plan For Hourly-rated Emps. Of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (quotations omitted).

The court may adjust the lodestar calculation by considering the following factors, known as the *Kerr* factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).

To determine the reasonable hourly rate, this court must look to the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community "is one in which the district court sits." *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir.), *cert den.*, 502 U.S. 899 (1991). This court uses the most recent Oregon State Bar Economic Survey as a benchmark for comparing an attorney's billing rate with the fee customarily charged in the locality. *Precision Seed Cleaners v. County Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1244 (D. Or. 2013).

**B.** **Analysis**

Plaintiff seeks fees associated with taking the October depositions. However, that would tax defendant for expenses plaintiff would have incurred irrespective of defendant's discovery abuse.[1] This would produce a windfall for plaintiff, especially considering the court already

---

[1] Plaintiff's position that the fees and costs associated with scheduling the October depositions "appear germane" to the court's September 4, 2019 order is understandable given the order states that the court will "consider plaintiff's request for reimbursement of reasonable fees and costs

ordered that the October "depositions shall take place in Portland, and defendant shall incur the cost of witness travel and lodging expenses." Minute Order, ECF #33. Accordingly, plaintiff's request for $5,200 in estimated fees associated with preparing for the October depositions is denied. Pl.'s Fee Pet. 4-5, ECF #34. For the same reason, plaintiff's request for leave to file a supplemental petition detailing the actual fees incurred with the October depositions is also denied. *Id.*

Regarding the other depositions that were cancelled, plaintiff seeks fees for three attorneys whose hourly rates and years of experience are as follows:

(1) Michael E. Farnell, $450.00 per hour, 27 years of experience;

(2) Kristopher L. Kolta, $260.00 to $270.00 per hour, eight years of practice; and

(3) Paul A. Mockford, $260.00 to $290.00 per hour, eight years of practice.

Pl.'s Fee Pet. 2, ECF #30.[2]

According to the Oregon State Bar's 2017 Economic Survey, the hourly rate for Portland-area attorneys with 21-30 years of experience in private practice ranges from $325 to $525. 2017 Oregon State Bar Economic Survey, Table 36, ECF #35-5, at 39. For attorneys with 7-9 years of experience, the hourly rate ranges from $230 to $400. *Id.*

The hourly rates suggested by plaintiff fall below the 75th percentile for attorneys with similar years of experience in the Portland area. Most of the work was performed by Kolta and Mockford, who are senior associates at Parsons Farnell & Grein, LLP ("PFG"). Kolta Decl.

---

*associated* with the cancellation of the . . . July 2019 depositions." Pl.'s Fee Pet. 4, ECF #34; Minute Order, ECF #33 (emphasis added). However, at the hearing, the court stated that it would consider plaintiff's "fee petition with respect to the cost of . . . scheduling the June 24th and July depositions." Therefore, the fees and costs associated with the October depositions will not be granted.

[2] Kolta and Mockford both had attorney rate changes beginning in August 2019. Decl. of Kristopher Kolta ("Kolta Decl."), Ex. A, ECF #35-1, at 4.

¶¶ 8-9, ECF #35.  Kolta and Mockford each have approximately eight years of experience in civil litigation, with a primary focus on insurance coverage.  *Id.*  Farnell is a senior partner at PFG and has significant experience in insurance litigation.  *Id.* at ¶ 7.  Defendant does not challenge the reasonableness of the hourly rates.  Based on the attorneys' years of practice and breadth of experience, the hourly rates are reasonable for this community.

In support of the petition, plaintiff has submitted a billing statement detailing the time spent on each task, a description of the services rendered, the amount plaintiff was billed, and a summary of the total amount of fees incurred.  Kolta Decl., Ex. A ("Time Sheet"), ECF #35-1.  All of the entries pertain to attorney's fees associated with defendant's cancellation of the June and July 2019 depositions, as well as attorney's fees incurred with bringing the motion for sanctions and the current fee petition.

Defendant takes issue with the fact that plaintiff's attorneys "spent less than 25 hours preparing to take two depositions, and over 100 hours strategizing about how to structure demands in the hopes of obtaining sanctions, making those demands, preparing a motion for sanctions and preparing for a brief oral argument."  Def.'s Resp. 2, ECF #37.  Defendant argues that the "disparity in the labor allegedly spent pursuing sanctions and the time spent preparing for two depositions is a serious concern."  *Id.*  However, the time spent preparing for depositions does not necessarily inform the reasonableness of the time plaintiff's counsel spent chasing after defendant to appear for depositions.  After carefully examining the entries, the court concludes that the time billed by plaintiff's counsel was reasonable, particularly considering the number of attempts plaintiff's counsel had to make to schedule the depositions and the protracted time period involved.  Additionally, under the circumstances, the motion for sanctions was necessarily lengthy and detailed, totaling 26 pages.  *See* Pl.'s Mot. Imposition Sanctions, ECF #29.

Nevertheless, the billing statement reflects that Mockford expended 0.9 hours, Kolta expended 8.9 hours, and Farnell expended 2.5 hours in connection with the hearing on the sanctions motion. Time Sheet 4-5, ECF #35-1. Mockford did not attend oral argument, and although Kolta was present during oral argument, he did not participate in the hearing beyond initially stating his name for the record. Instead, Farnell argued the motion. Moreover, "[b]ecause it is always inappropriate to tax an opposing party with such duplicative expenditures of time," the court excludes "from the lodestar calculation the hours expended in connection with preparing for and attending the hearing . . . by the timekeeper[s] with the lower reasonable hourly rate, in this case, attorney[s] [Kolta and Mockford]," totaling 9.8 hours. *Bixby v. KBR, Inc.*, No. 3:09-CV-632-PK, 2013 WL 12319909, at *6 (D. Or. Feb. 12, 2013) (footnote omitted).

The court also finds excessive the time spent by plaintiff's counsel in preparing and drafting the instant fee petition. In total, Kolta spent 18.1 hours researching, drafting, and preparing the petition. Time Sheet 5, ECF #35-1. This was far more time than reasonably necessary. The fee petition is only five pages in length and contains no legal argument. Pl.'s Fee Pet., ECF #34. Moreover, Kolta's time spent on the petition is unreasonable given Mockford previously spent 2.7 hours "determin[ing] potentially recoverable fees and costs" on July 10, 2019, and Kolta spent 1.1 hours "calculat[ing] and categoriz[ing] damages from [defendant]'s discovery abuses" on July 11, 2019. Time Sheet 4, ECF #35-1. The court finds that it should have taken no more than three hours to draft the fee petition and supporting declaration and exhibits. Accordingly, the court excludes from the lodestar calculation 15.1 hours expended by Kolta in connection with the fee petition.

In sum, the court excludes 24.9 hours from the loadstar calculation. Accordingly, the court awards plaintiff attorney's fees in the amount of $28,868.[3]

## II. Costs

Plaintiff seeks $1,569 in costs incurred for certified copies, service of process, and transcription services related to the cancellation of the June and July 2019 depositions. Time Sheet 6, ECF #35-1. Defendant does not challenge plaintiff's bill of costs. Accordingly, the court awards plaintiff's costs.

## CONCLUSION

For the reasons discussed, plaintiff's Fee Petition (ECF #34) is granted in part and denied in part. Plaintiff is awarded fees and costs in the amount of $30,437.

IT IS SO ORDERED.

February 4, 2020.

                                            /s/ Youlee Yim You
                                            Youlee Yim You
                                            United States Magistrate Judge

---

[3] The 24.9 hours being excluded were billed at a rate of $270 per hour. Time Sheet 4-5, ECF #35-1. As such, plaintiff's request for $35,591 in fees is reduced by $6,723. *Id*. at 6.

7 – ORDER