UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

HOSPITALITY MANAGEMENT, INC., an
Oregon Corporation,

               Plaintiff,

    v.

PREFERRED CONTRACTORS INSURANCE
COMPANY, a Montana Corporation,

               Defendant.

Case No. 3:18-cv-00452-YY

ORDER

YOU, Magistrate Judge:

On August 11, 2020, this court granted plaintiff's Motion to Compel Compliance with
Order on Motion for Sanctions. ECF #73. The court further ordered plaintiff to submit a fee
petition detailing its fees and costs associated with bringing the motion to compel. *Id.* at 3.
Consistent with that order, plaintiff has filed a timely Attorney Fee Petition in the amount of
$38,413.01.[1] ECF #74. Defendant has filed no response.

The court has reviewed the petition, time entries, and supporting documents. The
attorneys' hourly rates fall within the parameters set forth in the 2017 Oregon State Bar

---

[1] Plaintiff seeks $38,413.10, not $38,413.01—the sum of the attorney's fees and costs. This
appears to be a typo or the result of unwarranted rounding in plaintiff counsel's billing system.
*See* Decl. of Kristopher Kolta ("Kolta Decl."), Ex. A, at 9, ECF #75-1.

Economic Survey.  Plaintiff deducted excessive, redundant, and unnecessary hours.

Accordingly, plaintiff's petition is granted.

## DISCUSSION

I.    **Attorney's Fees**

A.    **Lodestar Method**

The court calculates attorney's fees using the lodestar method, *i.e.*, multiplying the

number of hours worked by the reasonable hourly rate.  *See Perdue v. Kenny A.*, 559 U.S. 542,

551 (2010) (holding "the lodestar approach" is "the guiding light" when determining reasonable

fees).  In determining the "reasonable hourly rate to use for attorneys and paralegals[,]" the court

looks to the "prevailing market rates in the relevant community."  *Gonzalez v. City of Maywood*,

729 F.3d 1196, 1205 (9th Cir. 2013) (citations and internal quotation marks omitted).  The court

excludes hours "that are excessive, redundant, or otherwise unnecessary."  *McCown v. City of*

*Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434

(1983)).

"[T]here is a strong presumption that the lodestar is sufficient."  *Perdue*, 559 U.S. at 556.

"[A] multiplier may be used to adjust the lodestar amount upward or downward only in rare and

exceptional cases, supported by both specific evidence on the record and detailed findings by the

lower courts that the lodestar amount is unreasonably low or unreasonably high."  *Van Gerwen v.*

*Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quotations and citations omitted).

"Adjustments [to the lodestar amount] must be carefully tailored . . . and [made] only to the

extent a factor has not been subsumed within the lodestar calculation."  *Rouse v. Law Offices of*

*Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2009) (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d

973, 983 (9th Cir. 2008)).  The party seeking fees bears "the burden of documenting the

appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Ret. Income Plan For Hourly-rated Emps. Of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (quotations omitted).

The court may adjust the lodestar calculation by considering the following factors, known as the *Kerr* factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).

To determine the reasonable hourly rate, this court must look to the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community "is one in which the district court sits." *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir.), *cert den.*, 502 U.S. 899 (1991). This court uses the most recent Oregon State Bar Economic Survey as a benchmark for comparing an attorney's billing rate with the fee customarily charged in the locality. *Precision Seed Cleaners v. County Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1244 (D. Or. 2013).

**B.    Analysis**

Plaintiff seeks fees for two attorneys whose hourly rates and years of experience are as follows:

(1) Michael E. Farnell, $450.00 per hour, 28 years of experience;

(2) Kristopher L. Kolta, $270.00 per hour, nine years of experience.

Pl.'s Fee Pet. 2, ECF #75.

According to the Oregon State Bar's 2017 Economic Survey, the hourly rate for Portland-area attorneys with 21-30 years of experience in private practice ranges from $325 to $525. 2017 Oregon State Bar Economic Survey, Table 36, ECF #75-4, at 39.  For attorneys with 7-9 years of experience, the hourly rate ranges from $230 to $400.  *Id*.

The hourly rates suggested by plaintiff fall below the 75th percentile for attorneys with similar years of experience in the Portland area.  Most of the work was performed by Kolta, a senior associate at Parsons Farnell & Grein, LLP ("PFG").  Kolta Decl. ¶ 9, ECF #75.  Kolta has nine years of experience in civil litigation, with a primary focus on insurance coverage.  *Id*. Farnell is a senior partner at PFG and has significant experience in insurance litigation.  *Id*. at ¶ 7.  Defendant does not challenge the reasonableness of the hourly rates.  Based on the attorneys' years of practice and breadth of experience, the hourly rates are reasonable for this community.

In support of the petition, plaintiff has submitted a billing statement detailing the time spent on each task, a description of the services rendered, the amount plaintiff was billed, and a summary of the total amount of fees incurred.  Kolta Decl., Ex. A ("Time Sheet"), ECF #75-1. Except for two entries concerning work completed by a PFG paralegal, all the entries pertain to attorney's fees associated with scheduling the deposition of defendant's Rule 30(b)(6) designee, attempting to secure payment for the court reporter, repeatedly attempting to secure immediate payment of the court-ordered sanctions, researching and strategizing on the motion for order to compel, conferring and responding to defendants' arguments that sanctions were not due, researching and drafting the motion for order to compel and reply in support of that motion,

preparing for oral argument, as well as attorney's fees incurred with bringing the current fee petition.

The time billed by plaintiff's counsel was reasonable, particularly considering the number of attempts plaintiff's counsel had to make to secure payment and respond to vague and novel arguments why payment of the sanctions award was not immediately due. Additionally, under the circumstances, the motion for order to compel and reply in support were necessarily lengthy and detailed, totaling 32 pages. Pl.'s Mot. Compel Compliance Order Mot. Sanctions, ECF #64; Reply in Support; ECF #69.

Kolta spent less time preparing for oral argument than for the last sanctions hearing, and about half of that time was spent helping Farnell prepare. *Compare* Time Sheet 4-5, ECF #35-*with* Time Sheet 7, ECF #75-1; Order 6, ECF #6. Although Kolta did not speak during oral argument, plaintiff omitted time that senior associate Paul Mockford spent helping prepare for the hearing as redundant even though Mockford aided the court during oral argument. Atty Fee Pet. 3 n.6, ECF #74; Oral Argument Transcript 21, ECF #76. Moreover, it appears that Kolta otherwise excluded redundant and excessive entries. *See* Fee Pet. 2-3 nn.3-6, ECF #74. Importantly, defendant does not object to the time spent as unreasonable.

Plaintiff also seeks fees for 3.2 hours spent by PFG paralegal Leann Astheimer preparing the fee petition. Time Sheet 8, ECF #75-1. According to the most recent National Utilization and Compensation Survey Report, the mean hourly billable rate for a paralegal in the Far West region, which includes the State of Oregon, is $153 per hour. NATIONAL ASSOCIATION LEGAL ASSISTANTS, NATIONAL UTILIZATION AND COMPENSATION SURVEY REPORT 22 fig.28 (2018) ("NALA REPORT"); *see also Pac. Coast Fruit Co. v. Ron Squires dba Four Seasons Farmers Mkt.*, No. 3:16-CV-00463-BR, 2016 WL 4443166, at *3 (D. Or. Aug. 19, 2016) (relying on a

prior version of this report to determine the reasonable hourly billable rate for a paralegal).  The

mean hourly billable rate for paralegals with one to five years of experience is $129 per hour.

NALA REPORT 23 fig.30.  Plaintiff does not set forth Ashtheimer's level of experience.

Regardless, her rate of $75 is clearly reasonable.

Accordingly, the court awards plaintiff attorney's fees in the amount of $37,338.

## II.    Costs

Plaintiff seeks $1,075.01 in costs incurred for legal research through Thompson Reuters

and ordering an official transcript of the July 24, 2020 oral argument.  Time Sheet 9, ECF #75-1.

Defendant does not challenge plaintiff's bill of costs.  Accordingly, the court awards plaintiff's

costs of $1075.01.

## ORDER

Plaintiff's Fee Petition (ECF #74) is granted.  Plaintiff is awarded fees and costs in the

amount of $38,413.01.  Defendant shall pay plaintiff $38,413.01 no later than 30 days from the

date of this order.

IT IS SO ORDERED.

DATED October 5, 2020.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge