IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HOSPITALITY MANAGEMENT, INC.**, | Case No. 3:18-cv-452-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **PREFERRED CONTRACTORS INSURANCE COMPANY**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On March 17, 2021, United States Magistrate Judge Youlee Yim You issued Findings and Recommendation (F&R) in this insurance coverage lawsuit brought by Plaintiff Hospitality Management, Inc. (HMI) against Defendant Preferred Contractors Insurance Company (PCIC). ECF 90. Judge You recommended that the Court deny as moot PCIC's first motion for summary judgment (ECF 36), deny PCIC's second motion for summary judgment (ECF 47), grant HMI's cross-motion for summary judgment (ECF 48), and deny HMI's motion for additional sanctions (ECF 64). Judge You also concluded that HMI is entitled to recover $2 million on its claim for breach of insurance contract and $2.5 million on its claim for bad-faith breach by PCIC of its duty to settle. Judge You further concluded that HMI's two claims are alternative legal theories

PAGE 1 – ORDER

for the same injury. Thus, Judge You recommended that the Court enter judgment in favor of HMI against PCIC in the total amount of $2.5 million. PCIC timely filed an objection (ECF 94), and HMI timely responded (ECF 99).

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party timely files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] sua sponte . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record." For those portions of Judge You's F&R to which neither party objected, the Court followed the recommendation of the Advisory Committee and has reviewed those matters for clear error on the face of the record. No such error is apparent.

Regarding those portions of Judge You's F&R to which PCIC has objected, PCIS raised several new arguments not previously presented to Judge You. It is within a district court's discretion whether to accept new argument or evidence submitted with objections. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (discussing the district court's discretion to consider new arguments raised in objections); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) (rejecting the Fourth Circuit's requirement that a district court must consider new arguments raised in objections to a magistrate judge's findings and recommendation); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (discussing the circuit split on whether a district court must or may consider new evidence when reviewing de novo a magistrate judge's findings and recommendation, and concluding that a district court "has discretion, but is not required" to consider new evidence); *see also* 28 U.S.C. § 636(b)(1) (stating that the district court judge "may also receive further evidence"). Here, the Court has exercised its discretion and declines to consider new arguments not previously presented to Judge You, both to promote systemic efficiency and prevent "sandbagging." *See Howell*, 231 F.3d at 621-22. Nevertheless, out of an abundance of caution, the Court also has reviewed PCIC's new arguments and finds them to be without merit.

Although the factual background of this dispute is well presented in the F&R and well known to the parties, it may be helpful to state the basics. The Commons at Cedar Mill (Commons) owns a 52-building, 608-unit apartment complex in Portland, Oregon. Between 2007 and 2010, Commons contracted for and obtained substantial renovations on many if not all its buildings. The Commons is owned by two individuals and their trust (Owner).[1]

---

[1] The parties have requested that these two individuals and their trust, who are not parties in either this lawsuit or the underlying case, not be named. The Court will respect that request and refer to them simply as "Owner."

In September 2015, Commons sued its general contractor, KeyWay Corp. (KeyWay), and a roofing contractor, R. Klindtworth Roofing, Inc., in state court, asserting both tort and contract claims against KeyWay. ECF 17-1 (Commons' Complaint). Commons alleged construction defects sustained during the renovations. Commons originally alleged estimated damages of no less than $9 million but later increased that estimate and sought more than $43 million in damages. KeyWay, the general contractor, is owned by Brian Frank (Mr. Frank).

In the underlying lawsuit, KeyWay asserted third-party claims against six companies, including HMI. ECF 17-2 (KeyWay's Third-Party Complaint). Against the first five third-party defendants, KeyWay alleged that they contracted with KeyWay as sub-contractors on the renovation work performed for Commons. Against HMI, KeyWay alleged "on information and belief" that HMI performed some of the installation and repair of windows, siding, roof vents, and related components at Commons. KeyWay alleged claims of breach of contract and contractual indemnity against all third-party defendants other than HMI and common law indemnity against all third-party defendants, including HMI. *Id*.

As previously noted, Commons is owned by two individuals and their trust, collectively referred to as "Owner." Those same two individuals and their trust also own HMI. Thus, Commons and HMI are under common ownership. HMI tendered KeyWay's third-party complaint to its insurer, PCIC, and PCIC agreed to defend KeyWay under a reservation of rights. PCIC retained attorney Todd Baran as defense counsel for HMI. Later, HMI retained attorney Richard Senders as HMI's separate coverage counsel.

PCIC rebuffed settlement offers extended to HMI from both Commons and KeyWay. PCIC also rebuffed HMI's demands that PCIC accept those settlement offers. It appears that most, if not all, of the five sub-contractors sued by KeyWay eventually settled with Commons,

KeyWay, or both, leaving essentially HMI as the sole third-party defendant remaining for trial. Twelve days before trial, HMI stipulated to a $2.5 million judgment with KeyWay, without PCIC's consent. The settlement agreement expressly referenced Oregon's "reasonableness" approach under *Brownstone Homes Condo. Ass'n v. Brownstone Forest Heights, LLC*, 358 Or. 223 (2015). ECF 17-3. As part of this settlement, HMI assigned its claims against PCIC to KeyWay in exchange for KeyWay's covenant not to execute on any of HMI's assets except for insurance coverage; HMI also gave KeyWay the "right to litigate in [HMI's] name." ECF 17-4. The state court entered a limited judgment by stipulation as to HMI.

At some point thereafter, Commons and KeyWay settled their dispute. According to PCIC, KeyWay (or its insurers) paid Commons $6,250,000 (in addition to what Commons had already received from the settling sub-contractors) and assigned to Commons "any and all claims for relief or right of recovery" that KeyWay had against the third-party defendants, including HMI.[2] Also at some point thereafter, HMI brought this coverage action against its insurer, PCIC.

Regarding PCIC's specific objections, the Court concludes as follows:

1. The F&R states that "[t]his lawsuit arises out of PCIC's alleged failure to adequately defend HMI against a third-party complaint filed in Washington County Circuit Court." ECF 90 at 2. PCIC objects, stating that "Plaintiff has not plead that PCIC breached its duty to defend." ECF 94 at 3. As HMI clarifies, however, Judge You did not determine PCIC's obligation to defend based on the "eight corners" of the complaint and the insurance policy. *See* ECF 99 at 26. Instead, Judge You examined how PCIC conducted the defense of HMI in the

---

[2] PCIC cites "Dkt. 93-1" as support for these assertions. *See* ECF 94 at 8. That citation, however, appears to be a typographical error, and the Court cannot locate the document that PCIC apparently meant to cite. Nevertheless, because HMI in its response (ECF 99) does not object or otherwise challenge PCIC's statement, the Court accepts PCIC's factual representation.

underlying action and concluded that PCIC failed to fulfill its duty of care as HMI's fiduciary. The Court agrees with HMI for the reasons explained by HMI and found by Judge You. *See* ECF 90 at 30-34 and 38-39.

2. The F&R states that "[a]ll parties except HMI reached a global settlement in the weeks leading up to trial." ECF 90 at 3. PCIC objects, stating that *months* before trial Commons began entering into settlements with sub-contractors, and HMI's owner (which also is the owner of Commons) was doubtless aware of those settlements. PCIC's objection is without merit. The F&R does not state that all settlements, other than with HMI, were reached only "in the weeks leading up to trial."

3. In its objections, PCIC states:

> The process HMI used to settle with itself was inherently collusive. The mere fact that HMI and Commons have the same ultimate owner creates a strong inference that the resulting settlement was unfair and collusive. This alone suffices to create a genuine issue of material [fact] for trial. But the facts beyond mere common ownership support the conclusion that the agreement between HMI and, ultimately, Commons, was collusive. HMI's owner appears to have kept its own defense counsel in the dark about key developments concerning settlement with other parties, and to have treated HMI differently than another identically situated company he owned.

ECF 94 at 11.

PCIC is correct that Commons and HMI are commonly owned by Owner (i.e, the two individuals and their trust). PCIC is incorrect, however, when it asserts that this fact is "inherently collusive" because *Commons* did not sue HMI and did not settle with HMI. Instead, Commons sued KeyWay (both in tort and contract), and *KeyWay* asserted a claim of common law indemnity against HMI. Further, it was KeyWay (not Commons) that later settled with HMI. Even when viewed in the light most favorable to PCIC as the non-moving party opposing HMI's cross-motion and viewing all reasonable inferences in favor of PCIC, PCIC offers no evidence

that KeyWay's third-party claims against HMI or KeyWay's settlement of those claims with HMI was in any way collusive.

As previously noted, KeyWay is owned by Mr. Frank. In the F&R, Judge You noted that Mr. Frank also was listed as the "Responsible Managing Individual" (RMI) on "HMI's contractor license from 2009 through the end of the renovation project." ECF 90 at 24. As also noted, the renovation project ended in 2010, and Commons sued KeyWay in September 2015. The following month, October 2015, KeyWay asserted third-party claims against five sub-contractors and HMI. It is undisputed that at least since August 2014, HMI's Responsible Managing Individual (or RMI) was Mr. Elliott Breck Howard (ECF 58-1), and there is no evidence of any connection between HMI's RMI Mr. Howard and either KeyWay or Commons. As Judge You found, and the Court on de novo review agrees, "PCIC has not identified a single piece of evidence that any collusive activity occurred." ECF 90 at 24.

4. PCIC also states that the F&R incorrectly treated the "third party" requirement in PCIC's policy as an exclusion, rather than as a coverage requirement. ECF 94 at 17. HMI responds both that the relevant insurance policy text is an exclusion and that PCIC consistently treated that text as an exclusion in its briefing before Judge You. HMI provides the following examples:

> ● PCIC's Response to Plaintiff's Motion for summary judgment clearly and unambiguously raised a [*sic*] the 'third party' policy *exclusion*.
>
> ● The "cross suits" *exclusion* excludes coverage for any claim by Commons against HMI.
>
> ● As PCIC argued, the "cross suits" *exclusion* excludes coverage for claims between parties that are related by ownership or management.
>
> ● The purpose of "cross-suits" *exclusion* is to prevent collusive suits.

PAGE 7 – ORDER

> - PCIC's Policies *exclude* claims asserted by an entity to "related by ownership or Management" to HMI and arising out of HMI's work. By their terms, PCIC's policies do not apply to claims made by an entity that is "related by ownership or management to HMI. [* * *] This *exclusion* applies regardless of whether the underlying claims are considered to be made by Commons, KeyWay, or both. [* * *].

ECF 99 at 23, citing ECF 89 at 2–3 and ECF 55 at 10 (emphases added). PCIC offers no explanation for its failure to raise this new argument before Judge You, and the Court declines to consider it. *See Howell*, 231 F.3d at 621-22. In addition, for the reasons stated by HMI, PCIC is incorrect on the merits.

5. The Court has reviewed de novo PCIC's arguments that Judge You incorrectly analyzed HMI's bad faith claim. For the reasons explained by Judge You and by HMI in its response to PCIC's objections, the Court adopts Judge You's analysis.

6. Finally, regarding all other arguments asserted by PCIC in its objections not expressly discussed in this Order, the Court declines to consider or explicitly address any arguments not previously presented to Judge You. Nevertheless, in an abundance of caution, and considering the size of the judgment, the Court has reviewed de novo PCIC's arguments and agrees with the F&R for the reasons explained by Judge You and HMI in its response to PCIC's objections.

The Court ADOPTS Judge You's Findings and Recommendation (ECF 90). The Court DENIES AS MOOT PCIC's first motion for summary judgment (ECF 36), DENIES PCIC's second motion for summary judgment (ECF 47), GRANTS HMI's cross-motion for summary judgment (ECF 48), and DENIES HMI's motion for additional sanctions (ECF 64). For the reasons explained by Judge You, HMI is entitled to recover $2 million on its claim for breach of contract and $2.5 million on its claim for bad-faith breach by PCIC of its duty to settle. Also for the reasons explained by Judge You, these two claims are alternative legal theories for the same

injury. Thus, the Court will enter judgment in favor of HMI against PCIC in the total amount of $2.5 million.

**IT IS SO ORDERED.**

DATED this 6th day of July, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge