IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HOSPITALITY MANAGEMENT, INC.**, | Case No. 3:18-cv-452-YY |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **PREFERRED CONTRACTORS INSURANCE COMPANY**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On July 6, 2021, this Court adopted the Findings and Recommendation of United States Magistrate Judge Youlee Yim You, denied the motion for summary judgment filed by Defendant Preferred Contractors Insurance Company (PCIC), granted the cross-motion for summary judgment filed by Plaintiff Hospitality Management, Inc. (HMI), and entered judgment in favor of HMI against PCIC in the total amount of $2.5 million. On August 6, 2021, HMI filed a motion for prejudgment interest and to amend the judgment to include prejudgment interest. On August 5, 2021, PCIC appealed the judgment to the Ninth Circuit. Because of HMI's motion to amend the judgment under Rule 59 of the Federal Rules of Civil Procedure, however, PCIC's notice of appeal was ineffective, and this Court retains jurisdiction. *See* Fed. R. App. P. 4(a)(4);

PAGE 1 – OPINION AND ORDER

*see also* ECF 147 (Order from the Ninth Circuit stating that the notice of appeal is "ineffective until entry of the order disposing of [HMI's Rule 59 motion]").

Now before the Court is PCIC's motion to inquire whether the Court would vacate its judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure so that PCIC could move to dismiss under Rule 12(b)(1) and Rule 12(h)(3) of the Federal Rules of Civil Procedure. PCIC asserts that in preparing for its appeal to the Ninth Circuit, PCIC "discovered" that its original removal of this case to federal court was invalid because it "mistakenly" did not realize that its LLC members include all its insureds who are members of PCIC's risk retention group, and who include citizens of Oregon. PCIC contends that it thus erroneously stated in its Corporate Disclosure Statement that its members were citizens only of Montana, California, and South Carolina and thus erroneously stated in judicial filings that there was diversity jurisdiction in this case. PCIC now argues that subject matter jurisdiction cannot be conveyed as a matter of consent or estoppel and that the Court must grant a motion for relief from judgment, vacate the judgment, and dismiss this case.

HMI responds that PCIC has litigated many cases in federal court, including cases that PCIC removed based on diversity jurisdiction and that PCIC did not "mistakenly" assert diversity jurisdiction in this case. HMI adds that PCIC currently is litigating at least 12 cases in various federal courts based on diversity jurisdiction. HMI argues that PCIC should be held to its judicial admissions in this case regarding its citizenship and that the Court has discretion whether to accept the withdrawal of a judicial admission, even relating to jurisdictional facts. HMI also contends that the members of PCIC's *limited liability company* (LLC) for purposes of diversity jurisdiction are distinguishable from the members of PCIC's *risk retention group* for purposes of insurance. HMI provides argument previously submitted by *PCIC* to this effect to the Eastern

PAGE 2 – OPINION AND ORDER

District of New York, in which PCIC argued that the federal court had diversity jurisdiction because its insureds were not members of the PCIC LLC but instead were members of the risk retention group, which was a different legal entity for jurisdictional purposes. Indeed, PCIC has argued that to hold otherwise would mean that no risk retention group organized as an LLC would ever be able to litigate in federal court under diversity jurisdiction. PCIC responds that it earlier representations to other courts were "mistaken," when it said that membership in its risk retention group was different from membership in its LLC.

Subject matter jurisdiction can never be forfeited or waived because it involves the court's power to hear a case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). "[N]o action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). This rule is "inflexible and without exception." *Id.* (quoting *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "Thus, the consent of the parties is irrelevant [and] principles of estoppel do not apply." *Id*. (citation omitted); *see also* 13 Fed. Prac. & Proc. Juris. § 3522 (3d ed., April 2021 Update) (stating that the "parties cannot waive lack of subject matter jurisdiction by express consent, or by conduct, or even by estoppel"). Further, estoppel does not apply even though dismissal for lack of subject matter jurisdiction may "result in the waste of judicial resources and may unfairly prejudice litigants." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Indeed, "a party, after losing at trial, may move to dismiss the case because the trial court lacked subject-matter jurisdiction. . . . even if the party had previously acknowledged the trial court's jurisdiction." *Id.* at 434-35 (citation omitted).

"Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (quoting *In re Fordson Engineering Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich.1982)). "A stipulation of fact has the force of a finding" and "[t]his is true though the fact is jurisdictional." *Verzosa v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 589 F.2d 974, 977 (9th Cir. 1978). "[I]t is well settled that one may stipulate to facts from which jurisdiction may be inferred." *Id.* (alteration in original) (quoting *De La Maza v. United States*, 215 F.2d 138, 140 (9th Cir. 1954)). Indeed, "[w]hile consent of parties cannot give the courts of the United States jurisdiction, the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission." *Id.* (simplified).

Regarding the first point of dispute, whether the Court can retain subject matter jurisdiction based on PCIC's judicial admissions in this case even if it the facts otherwise did not support jurisdiction, the Court finds that a judicial admission is evidence a court may consider but only in the context of the entire record. The Ninth Circuit's decision in *United States v. Ceja-Prado*, 333 F.3d 1046 (9th Cir. 2003), is instructive on this point. The question there, which the Ninth Circuit acknowledged was one of first impression, was

> Whether a criminal defendant may present evidence on appeal that, if true, would establish that the district court lacked jurisdiction over his case—even though in the district court he represented the facts to be to the contrary, thus leading the court to believe that jurisdiction existed. . . .

*Id.* at 1048-49.

In *Ceja-Prado*, the defendant was arrested for selling narcotics to an undercover police officer. *Id.* at 1048. The Ninth Circuit's subject matter jurisdiction over the case turned on whether the defendant was at least 21 years old when he committed the crime. *See id.* (explaining

PAGE 4 – OPINION AND ORDER

jurisdictional nature and certification requirement of the Federal Juvenile Delinquency Act). When entering his guilty plea to drug and firearm charges, the defendant told the court he was 21 years old. Later, during his sentencing, the defendant told the court he was 22 years old. On appeal, the defendant filed a motion to remand, representing that he had impersonated his older brother and that he was in fact only 16 years old when he committed the crime. *Id.*

The Ninth Circuit explained that "whether he was a juvenile or an adult at the time he committed the crime, are factual questions, the answers to which may compel the conclusion that the district court lacked jurisdiction to accept his plea." *Id.* The court concluded that if the defendant's "assertion is factually correct, the district court had no jurisdiction to proceed with his case, and the conviction must be vacated." *Id.* The Ninth Circuit reiterated that "[w]hen it appears that facts may establish that the court has no jurisdiction to hear a case, we have recognized that we will not permit a party's improper conduct to interfere with our own obligation to acknowledge those facts." *Id.* at 1050. The Ninth Circuit added that when "there exists a 'serious question' regarding the factual predicate for subject-matter jurisdiction, we have remanded for a finding to resolve the jurisdictional question." *Id.* Thus, the Ninth Circuit remanded and instructed the district court to hold an evidentiary hearing to determine the defendant's true age because the evidence raised "a 'serious question' regarding the existence of federal jurisdiction—the absence of which [the court] may not simply ignore." *Id.* at 1049; *see also id.* ("[O]ur obligation to investigate and ensure our own jurisdiction overrides the equitable or jurisprudential considerations that might otherwise prevent [the defendant] from raising new and contradictory evidence at this point.").

The Ninth Circuit in *Ceja-Prado* acknowledged a possible narrow exception to the rule requiring investigation of serious questions of fact affecting subject matter jurisdiction no matter

when they arise. *Id.* at 1050. When a civil party losing its case belatedly attacks the court's diversity jurisdiction by asserting purportedly new facts *on appeal*, but those new facts *fail* to raise "a substantial question regarding diversity in the materials before the district court," the court of appeals need not remand for further fact finding. *Id.* (discussing *Albrecht v. Lund*, 845 F.2d 193 (9th Cir. 1988), and *Schnabel v. Lui*, 302 F.3d 1023 (9th Cir. 2002)). The Ninth Circuit held that it "would not extend any such diversity exception beyond its present bounds, or to any other category of cases." *Id.* at 1051. These exceptions do not apply here.

The Ninth Circuit's general instruction to consider all the evidence relating to the Court's jurisdiction, even when there are judicial admissions, comports with the procedure in other courts. Courts outside this circuit also have considered contradictory evidence as well as judicial admissions when evaluating jurisdiction. *See, e.g.*, *CBRE Inc. v. Pace Gallery LLC*, 2018 WL 740994, at *2 (S.D.N.Y. Feb. 6, 2018) (finding that a plaintiff's prior judicial admissions in other cases were substantially outweighed by other evidence in the record, including the plaintiff's explanation for the judicial admissions); *id.* ("Accordingly, the Court finds that these two judicial admissions are outweighed by the numerous facts that show that CBRE's principal place of business is in California."); *Bauer Found. Corp. v. IMI Tennessee, Inc.*, 2019 WL 6273253, at *4 (M.D. Tenn. Nov. 25, 2019) (weighing an affidavit and a judicial admission in a pleading, finding the affidavit slightly more persuasive, and noting that "the question of a defendant's principal place of business is a question of fact, and the court 'is free to weigh these prior judicial admissions against' the other facts in the record." (quoting *CBRE*, 2018 WL 740994, at *2)). Additionally, courts have considered the *lack* of contradictory evidence in the record in relying on judicial admissions to support jurisdiction. *See, e.g.*, *Josiah v. GRT Transportation, LLC*, 2022 WL 468049, at *2-3 (W.D. Ky. Feb. 15, 2022); *Sparta Ins. Co. v.*

*Hearthside Food Sols., LLC*, 2012 WL 12849919, at *2 (W.D. Mich. Dec. 13, 2012). Thus, these cases support the conclusion that a court must consider all the evidence in the record and not simply rely on judicial admission when evaluating its own jurisdiction.

Regarding whether PCIC is correct in its recent assertion that all of its insureds are members of its LLC and thus defeat diversity jurisdiction, and whether PCIC was "mistaken" in every earlier case in which it previously asserted diversity jurisdiction, or whether HMI is correct in its argument to the contrary, these are all questions going to the merits of PCIC's anticipated Rule 60 and Rule 12 motions, which have not yet been filed. The only motion on this question that has been filed to date is PCIC's Motion to Inquire Whether the Court Wishes to Grant a Rule 60(b)(4) Motion (ECF 143).

The Court notes that it is under an obligation to investigate and ensure its own subject matter jurisdiction. Thus, the Court GRANTS IN PART PCIC's pending motion to inquire. PCIC may file a motion seeking relief under Rule 60 and Rule 12, and the parties will then have a full opportunity to brief these issues. The Court, however, DENIES WITHOUT PREJUDICE PCIC's request to vacate the Judgment. The Court will make that determination only after PCIC files its anticipated motion under Rule 60 and Rule 12 and the issues have been fully briefed.

The Court also notes that the Ninth Circuit previously has stated that district courts may impose monetary sanctions "to punish and deter efforts to manipulate jurisdiction." *Ceja-Prado*, 333 F.3d at 1051 n.5. Here, the Court has significant concerns about PCIC possibly engaging in the manipulation of jurisdiction. As HMI pointed out, PCIC is currently litigating many cases in federal court under diversity jurisdiction and has expressly argued the opposite of the position it is now taking regarding all of its insureds being members of its LLC. Not until

PCIC was faced with an adverse $2.5 million judgment did it have its "epiphany" regarding diversity jurisdiction.

Accordignly, the Court directs the parties to brief, in addition to PCIC's motion under Rule 60 and Rule 12, whether the Court should impose monetary sanctions against PCIC. To better enable the Court to assess potential sanctions, the Court further directs PCIC to provide the following information:

> (1) every case (identified by case number and court) that PCIC has brought or continued to litigate in federal court under diversity jurisdiction after PCIC removed this case to federal court;
>
> (2) an explanation of whether PCIC contends the federal courts involved in the cases identified in response to question number (1) properly had (or, if the case is still pending, properly has) diversity jurisdiction under PCIC's new realization and if so, an explanation of why;
>
> (3) identification of which cases listed by PCIC in response to question number (1) were removed by PCIC;
>
> (4) a copy of every notice or motion filed by PCIC in each pending or recently filed federal court case under diversity jurisdiction in which PCIC advised or alerted the federal court to PCIC's new realization that the federal court does not have diversity jurisdiction;
>
> (5) all judgments in PCIC's favor in federal court cases under diversity jurisdiction in the last five years; and
>
> (6) any sanctions orders already issued against PCIC or any sanctions motions already asserted against PCIC in any of these identified cases.

The Court GRANTS IN PART PCIC's Motion to Inquire (ECF 143). The Court finds that PCIC has raised serious questions regarding the Court's subject-matter jurisdiction. Thus, the Court grants PCIC leave to file a motion for reconsideration of the Court's Judgment and a motion to dismiss this case for lack of subject matter jurisdiction. The Court declines at this time to reconsider its Judgment at this time, absent a formal dismiss and without further briefing and

PAGE 8 – OPINION AND ORDER

evidence on the merits of PCIC's assertions regarding the jurisdictional facts. The Court also directs the parties to brief the issue of whether monetary sanctions should be assessed against PCIC and to provide answers to the questions presented in this Opinion and Order. PCIC shall file its motion(s) and opening brief not later than April 15, 2022, HMI shall file its response(s) not later than April 29, 2022, PCIC may file its reply not later than May 13, 2022, and HMI may file a reply on the sanctions issue not later than May 27, 2022. The undersigned district judge will resolve these issues.

**IT IS SO ORDERED.**

DATED this 30th day of March, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge