**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**HOSPITALITY MANAGEMENT, INC.**,

        Plaintiff,

     v.

**PREFERRED CONTRACTORS INSURANCE COMPANY**,

        Defendant.

Case No. 3:18-cv-452-YY

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

On July 6, 2021, this Court adopted the Findings and Recommendation (F&R) of United States Magistrate Judge Youlee Yim You on the parties' cross-motions for summary judgment. The Court denied the motion for summary judgment filed by Defendant Preferred Contractors Insurance Company (PCIC), granted the cross-motion for summary judgment filed by Plaintiff Hospitality Management, Inc. (HMI), and entered a Judgment in favor of HMI against PCIC in the amount of $2.5 million. HMI timely moved to amend the Judgment to add prejudgment interest and PCIC appealed the Judgment to the Ninth Circuit. PCIC's Notice of Appeal, however, is ineffective until this Court rules on HMI's pending motion to amend the Judgment to add prejudgment interest.

     PCIC filed a "Motion to Inquire" with this Court, asking whether this Court would consider vacating its Judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure

(FRCP) so that PCIC could move to dismiss under FRCP 12(b)(1) and 12(h). The Court granted

the motion in part, concluding that PCIC had raised serious questions about the Court's subject

matter jurisdiction. The Court granted PCIC leave to file its motion under FRCP 60 to reconsider

the Court's Judgment and a motion under FRCP 12 to dismiss or remand this case for lack of

subject matter jurisdiction. The Court also directed the parties to brief whether the Court should

assess sanctions against PCIC for manipulating jurisdiction and directed PCIC to answer several

questions to help the Court evaluate the applicability of potential sanctions.

In addressing the Motion to Inquire, the parties raised with the Ninth Circuit

jurisdictional issues relating to PCIC's appeal while HMI's motion to amend the Judgment was

pending. The parties also noted to this Court that the motion to amend was pending. Judge You

issued an F&R on HMI's motion to add prejudgment interest on February 14, 2022 and the Ninth

Circuit issued an order stating that PCIC's notice of appeal was ineffective until the motion for

prejudgment interest was resolved by this Court.

Before the Court is PCIC's motion asking the Court to dismiss or remand this case and

vacate its Judgment, its Order, and the Magistrate Judge's F&R on the summary judgment

motions; HMI's motion for sanctions; and Judge You's F&R on HMI's motion to amend the

Judgment to add prejudgment interest. For the reasons below, the Court denies PCIC's motion,

grants in part HMI's motion for sanctions, and adopts Judge You's F&R to grant HMI's motion

for prejudgment interest.

### PROCEDURAL BACKGROUND

HMI originally filed this action in state court and on March 14, 2018, PCIC removed this

action to federal court. ECF 1. PCIC represented in its Corporate Disclosure Statement that it is a

limited liability company (LLC), it has five members, and those members are residents of

Montana, California, and South Carolina. ECF 3 at 1. HMI represented that it is a citizen of

Oregon. ECF 8. HMI sought not less than $2.5 million in damages. *See* ECF 1 at 3; ECF 17 at 7. Based on these factual representations, the Court found it has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441. F&R, ECF 90, *adopted by* Order, ECF 101.

On March 17, 2021, Judge You issued her F&R recommending that this Court grant HMI's cross-motion for summary judgment and deny PCIC's motion. ECF 90. On July 6, 2021, this Court issued its Order adopting the F&R. ECF 101. On that same day, the Court entered its final judgment resolving all the claims and closed the case. ECF 102. The Judgment was for HMI in the amount of $2.5 million plus post-Judgment interest. *Id.* On August 2, 2021, HMI moved for prejudgment interest under FRCP 59(e).[1] ECF 106. On August 5, 2021, PCIC filed its Notice of Appeal of the Judgment to the Ninth Circuit. ECF 107.

The parties proceeded with the appeal before the Ninth Circuit, which set a briefing schedule. PCIC contends that while preparing for that appeal, PCIC "discovered" that its original removal of this case to federal court was invalid because it "mistakenly" did not realize that its LLC members include all its insureds who are members of PCIC's risk retention group, and who include citizens of Oregon. Thus, PCIC contends, it realized that this Court did not have diversity jurisdiction. On February 7, 2022, PCIC filed a "Motion to Inquire" with this Court, asking whether this Court would consider vacating its Judgment under FRCP 60(b)(4) so that PCIC could move to dismiss under FRCP 12(b)(1) and 12(h). ECF 143, 150. Meanwhile, the parties sent a letter to the Ninth Circuit alerting that court to HMI's motion for prejudgment interest pending in this district court. In response, on February 14, 2022, the Ninth Circuit issued an order stating that PCIC's Notice of Appeal was ineffective until this district court enters an order

---

[1] The Supreme Court has instructed that a motion for prejudgment interest constitutes a motion under FRCP 59(e). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175-76, 176-77 n.3 (1989).

disposing of HMI's pending motion to amend the judgment. ECF 147. The same day, Judge You

issued an F&R recommending that this Court grant HMI's motion for prejudgment interest.

ECF 148.

On March 31, 2022, this Court resolved PCIC's Motion to Inquire. ECF 159. The Court

granted the motion in part, concluding that PCIC had raised serious questions about the Court's

subject matter jurisdiction. The Court denied PCIC's request that the Court vacate its Judgment,

concluding that the Court would make the determination whether to vacate the Judgment only

after "PCIC files its anticipated motion under Rule 60" and "the issues have been fully briefed."

*Id.* The Court also granted PCIC leave to file its accompanying motion under FRCP 12. The

Court further directed the parties to brief whether the Court should assess sanctions against PCIC

for manipulating jurisdiction and directed PCIC to answer several questions to help the Court

evaluate the applicability of potential sanctions.

On April 6, 2022, HMI moved for sanctions against PCIC. On April 22, 2022, PCIC filed

its motion, titled "Motion to Dismiss or Remand for Lack of Subject Matter Jurisdiction and

Motion for Relief from Summary Judgment Order." ECF 163. PCIC first moves under

FRCP 12(b)(1) and 12(h)(3) to dismiss or remand for lack of subject matter jurisdiction. PCIC

next argues that if the Court determines that it lacks subject matter jurisdiction, then under

FRCP 60(b)(4) the Court must vacate the F&R resolving the cross-motions for summary

judgment, the Court's Order adopting the F&R, and the Court's Judgment, as void.

**BACKGROUND RELATING TO PCIC'S NEW REPRESENTATIONS**

PCIC represented at the time of removal that its members were the five member-

managers of its LLC. PCIC's new position stems from its current belief that its LLC members

are all of its insureds, who purportedly make up its risk retention group, instead of its five

member-managers. PCIC states that it had insureds who are residents of Oregon throughout the

duration of this litigation, and thus there was never any diversity of citizenship. PCIC asserts that

it discovered that the Court does not have subject matter jurisdiction after PCIC "reevaluated" its

citizenship in preparing its appeal. PCIC contends that although for years it disputed the position

that all of its insureds were members of its LLC when plaintiffs in other cases raised this precise

argument, it now realizes that "the law and facts to establish jurisdiction made clear that PCIC

*may* have long misunderstood its citizenship." ECF 163 at 6 (internal page 3) (emphasis added).

PCIC contends that it now believes that it is not diverse with any party who is a citizen of a state

in which PCIC has an insured. PCIC, however, is not committing to its new position, stating that

it "may" have misunderstood its citizenship. PCIC also notes that it is not informing any other

federal court in which it is currently litigating under diversity jurisdiction of its new belief,

including courts in which it removed based on diversity jurisdiction. It awaits the nonbinding

opinion of this Court before it will alert any other court, even those courts in which it is now

litigating.

PCIC has long advocated against the position it now posits. For example in 2013 PCIC

defended against the same citizenship theory it now propounds in *Preferred Contractors*

*Insurance Company Risk Retention Group, LLC v. Pin Xia Zhong*, No. 13-cv-2810 (E.D.N.Y).

*See* ECF 153-1 at 1-3. Additionally, in 2015 PCIC argued against this theory and lost in

*Preferred Contractors Insurance Company Risk Retention Group v. Joseph & Sons B, LLC*,

No. 14-cv-5488(JG)(LB) (E.D.N.Y., Sept. 9, 2015) (ECF 38). *See* ECF 153-1 at 17-24. PCIC

asked in its complaint in *Joseph & Sons* for the court to declare that citizenship for diversity

purposes for a risk retention group is different than membership in a limited liability company.

ECF 153-1 at 7. The magistrate judge in *Joseph & Sons* disagreed, and instead found:

> Risk retention groups like Plaintiff uniquely make all of its
> insureds—including Defendant—members of the LLC so that it

can carry out its "primary activity": spreading the risks of its members' liability exposure. 15 U.S.C. § 3901(a)(4)(A)–(C). Applying the traditional rule regarding LLC citizenship, PCIC is not diverse from Joseph & Sons because, as PCIC's member,[2] Joseph & Sons and PCIC share the same state or states of citizenship. This is not disputed. PCIC argues instead that the Court should create an exception to the citizenship rule for risk retention groups, and base its citizenship on that of its three original members/owners. As PCIC asserts in support of its argument, to deem PCIC a citizen of each state in which its members are citizens would necessarily preclude it from ever bringing a federal diversity action against any of its policyholders.

PCIC offers no support for this policy argument and there is no support for it in the law. There is no right to bring a case in federal court based on diversity jurisdiction and it is "not for any federal district court to engage in judicial legislation" to change the scope of federal courts' jurisdiction as defined by Congress.

ECF 153-1 at 20-21 (footnote in original) (citations omitted). PCIC did not object to the Report and Recommendation of the magistrate judge to get clarification on the footnote about whether a member for diversity jurisdiction is only one who owes a fiduciary duty. PCIC instead voluntarily dismissed the case.

In future complaints filed by PCIC available in the record, PCIC did not seek clarification regarding risk retention citizenship for diversity jurisdiction, removed references to the Risk Retention Act and the citizenship clause of the Act, and removed its request for a declaration of diversity citizenship that was included in its complaint in *Joseph & Sons*. *See, e.g.*, ECF 153-1 at 62. When PCIC filed corporate disclosure statements and removed cases to federal court, it simply stated that its citizenship was those of its member-managers. *See, e.g.*, ECF 153-1 at 80,

---

[2] A "member," in the context of diversity jurisdiction analysis, is one who owes a fiduciary duty of loyalty to fellow members. *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 204 (S.D.N.Y. 2008). Although this definition of "member" may not be identical to that provided under the Act, PCIC does not make this argument.

82, 85-87, 93, 96-97, 100. PCIC did not suggest there was any confusion or uncertainty in its position, but simply represented its citizenship with confidence.

## DISCUSSION

### A. Basis for the Court to Reconsider its Judgment

PCIC frames it motion as one under FRCP 60(b)(4). Yet PCIC does not provide or apply the standards for FRCP 60(b)(4). When HMI argued in its response that PCIC fails to meet the standards applicable under FRCP 60(b)(4), PCIC argued in its reply that because of HMI's pending FRCP 59 motion requesting prejudgment interest, no "final" judgment has been entered in this case and thus the standards argued by HMI do not apply. PCIC, however, does not argue any alternative standard for the Court to apply that would permit reconsideration nine months after the Court entered judgment and closed this case. PCIC instead argues that the Court need not have any basis for reconsideration because PCIC raises an issue relating to subject matter jurisdiction, and the Court should reach the merits of the jurisdictional question first without considering whether the Court has a basis for reconsideration. PCIC contends that if the Court finds that it lacks subject matter jurisdiction, then the Court must void its Judgment under FRCP 60(b)(4). As discussed below, however, only in rare circumstances is a judgment void under FRCP 60(b)(4) simply because a court later determines that it was mistaken about subject matter jurisdiction.

The proper order of decision is for the Court first to determine the grounds on which the Court may reconsider its final judgment that fully adjudicated all the claims and closed the case. PCIC relies on Rule 4(a)(4) of the Federal Rules of Appellate Procedure (FRAP) to assert that the Court's Judgment is not "final" for purposes of FRCP 60(b). The Court disagrees. FRAP 4(a)(4) extends the time for an appeal until after the Court rules on certain types of motions—it says nothing about the finality of the judgment *for purposes of FRCP 60*. For

example, under PCIC's interpretation, if it had discovered HMI perpetrated a fraud on the Court or if PCIC had discovered new evidence unrelated to subject matter jurisdiction and wanted the Court to reconsider its Judgment, PCIC would not have been able to file a motion under FRCP 60(b)(2) or (3) until after the Court resolved HMI's motion under FRCP 59(e) to add prejudgment interest. This is because PCIC argues that HMI's pending FRCP 59(e) motion renders the judgment nonfinal for all purposes and not just for appeal, precluding a motion under FRCP 60.

Requiring the resolution of FRCP 59(e) motions before a party can file a FRCP 60 motion is an untenable interpretation of the rules. It would waste judicial resources because, such as in the hypothetical example given above, if the Court were to agree with PCIC's hypothetical position based on fraud or new evidence then there would be no reason to consider HMI's FRCP 59(e) request for prejudgment interest. PCIC's interpretation also could have dispositive consequences if a court does not resolve a FRCP 59(e) motion within one year, because some of the FRCP 60 motions must be filed within one year. Simply because a pending FRCP 59(e) motion renders an order or judgment nonfinal for purposes of appeal under FRAP 4(a)(4) until after the motion is resolved by the district court does not mean that FRAP 4(a)(4) prevents a separate FRCP 60 motion from being filed in the district court. Indeed, FRAP 4(a)(4) expressly allows FRCP 60 motions and does not suggest that the motions it includes (*e.g.*, both FRCP 59 and 60) are mutually exclusive.

The Court finds FRAP 4(a)(4) and FRCP 59 and 60 all work in harmony. Although the Court retains jurisdiction because of HMI's FRCP 59(e) motion and the Notice of Appeal to the Ninth Circuit is not yet effective, the Court's Judgment and closing of the case remain in effect. The Court, therefore, needs a basis to reconsider its Judgment and reopen the case to hear a

motion to dismiss or remand on the merits. The Court entered the Judgment after resolving all claims in this case at summary judgment. Thus, reconsideration of interlocutory orders before all claims are resolved under FRCP 54(b) is not applicable. Another bases for reconsidering a judgment is FRCP 59(e) to alter or amend a judgment, which must be filed within 28 days (and is the rule under which HMI moved to amend the Judgment). This rule does not apply because PCIC did not file its motion within 28 days and PCIC does not move to alter or amend the Judgment. PCIC argues that the Judgment is void and should be vacated. The final basis for reconsideration is FRCP 60(b), which applies to "a final judgment." The Court finds that FRCP 60(b) provides the grounds on which PCIC can move for reconsideration of the Court's Judgment, because the Court's Judgment resolved all claims, was final, and remains in effect, even though HMI moved to add prejudgment interest.[3]

**B. Standards under FRCP 60(b)(4)**

A challenge after a judgment has been entered that the district court lacked subject matter jurisdiction is brought under FRCP 60(b)(4), as PCIC acknowledges. This rule provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the [reason that] the judgment is void." The U.S. Supreme Court has explained that

---

[3] The Court notes that many courts resolve a motion to add prejudgment interest through a supplemental judgment—they do not amend the original judgment. *See, e.g.*, *Nwauzor v. GEO Grp., Inc.*, 2021 WL 5824382, at *3 (W.D. Wash. Dec. 8, 2021) (awarding prejudgment interest and ordering that a supplemental judgment be entered); *Luster v. PuraCap Lab'ys, LLC*, 2021 WL 7209537, at *1 (D. Del. Dec. 1, 2021) ("Within thirty (30) days of entry of this Judgment, Mr. Luster may submit a Bill of Costs, and may also file a motion for entry of a supplemental judgment seeking an additional award of prejudgment interest and attorneys' fees, and to determine post-judgment interest rates."); *Hamilton v. Plumbers & Pipefitters Nat. Pension Fund*, 2004 WL 5571414, at *5-6 (W.D. Wash. July 23, 2004) (awarding prejudgment interest in response to an FRCP 59(e) motion and directing the clerk to enter a supplemental judgment). The Court similarly enters a supplemental judgment.

> A judgment is not void, for example, simply because it is or may
> have been erroneous. . . . Rule 60(b)(4) applies only in the rare
> instance where a judgment is premised either on a certain type of
> jurisdictional error or on a violation of due process that deprives a
> party of notice or the opportunity to be heard. Federal courts
> considering Rule 60(b)(4) motions that assert a judgment is void
> because of a jurisdictional defect generally have reserved relief
> only for the exceptional case in which the court that rendered
> judgment lacked even an "arguable basis" for jurisdiction.

*United Student Aid Funds Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010) (quotation marks and

citations omitted); *see also United States v. Bach Oldsmobile, Inc.*, 909 F.2d 657, 661-62 (1st

Cir. 1990) (("[T]otal want of jurisdiction must be distinguished from an error in the exercise of

jurisdiction, and . . . only rare instances of a clear usurpation of power will render a judgment

void." (cleaned up)).

In other words, "[t]he concept of a void judgment is extremely limited. . . . [T]he concept

is so narrowly restricted that, although seemingly incongruous, a federal court judgment is

almost never void because of lack of federal subject matter jurisdiction." *Kansas City S. Ry. Co.*

*v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 n.5 (8th Cir. 1980) (citations omitted); *see also*

*Hoffmann v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019) ("We recognize that Federal Rule of

Civil Procedure 60(b)(4) expressly allows for final judgments to be declared void in some

circumstances, including certain limited situations in which the court lacked subject-matter

jurisdiction to enter the judgment in the first place. But the scope of what constitutes a void

judgment is narrowly circumscribed, and judgments are deemed void only where the assertion of

jurisdiction is truly unsupported." (citation omitted)). "[A] lack of subject matter jurisdiction will

not always render a final judgment 'void' under [FRCP 60(b)(4)]. Only when the jurisdictional

error is 'egregious' will courts treat the judgment as void." *United States v. Tittjung*, 235 F.3d

330, 335 (7th Cir. 2000). A judgment is void only where there is "a clear usurpation of power by

a district court, and not an error of law in determining whether it has jurisdiction" *Nemaizer v.*

*Baker*, 793 F.2d 58, 65 (2d Cir. 1986); *see also Hoffman*, 928 F.3d at 1151 ("The principle that a void judgment must lack even a colorable basis ultimately stems from the court's 'jurisdiction to determine jurisdiction.' . . . If any jurisdictional foible could be the basis of a voidness challenge, litigants would have unending opportunities to second-guess a court's legal determination as to its jurisdiction outside of the typical appellate review process, and the court's interest in finality would be undermined." (citation omitted)). "A court does not usurp its power when it erroneously exercises jurisdiction." *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000).

## C.  Application of FRCP 60(b)(4) in this Case

In considering PCIC's Motion to Inquire, the Court agreed that PCIC raised serious questions about the Court's subject matter jurisdiction and permitted the parties to brief PCIC's motion to reconsider the Court's Judgment and the trailing motion to dismiss. The Court declined to vacate its Judgment based on PCIC's Motion to Inquire, because the Court needed further argument and briefing on all the issues. The dispositive issue for PCIC's motion under FRCP 60(b)(4) is whether the Court simply made a factual error in determining diversity jurisdiction or engaged in a clear usurpation of power. *See, e.g.*, *Kansas City S. Ry. Co.*, 624 F.2d at 826 n.6 (8th Cir. 1980) ("When facts must be proven before a court will exercise its jurisdiction, voidness often turns upon the distinction between essential jurisdictional facts such as service of process or location of the res, and quasi-jurisdictional facts such as diversity of citizenship or amount in controversy."); *Steiner v. Atochem, S.A.*, 70 F. App'x 599, 599-600 (2d Cir. 2003) ("We have held in *Nemaizer v. Baker* that a Rule 60(b)(4) motion will not be granted where the district court had a 'reasonable basis' for exercising jurisdiction, although the court may have erred in fact as to the existence of that jurisdiction. . . . In this case, the plaintiff alleged in his initial complaint that he was a resident of New York State. This was taken to mean that he

was a permanent resident for purposes of diversity jurisdiction. And, assuming that the plaintiff

was a permanent resident, it was not a usurpation for a court to have thought it had jurisdiction

between these two parties." (citations and footnote omitted)); *Britvic Soft Drinks, Ltd. v. Field

Serv. 400 LLC*, 2012 WL 3245443, at *2 (D. Kan. Aug. 9, 2012) (rejecting the defendant's

motion under FRCP 60(b)(4) and concluding that "[a]t most, the court erred—but did not

commit a usurpation of power—when it exercised diversity jurisdiction over this case"); *Trevino

v. Michelin N. Am., Inc.*, 2006 WL 778609, at *9 (S.D. Tex. Mar. 23, 2006) (rejecting any

argument that an erroneous conclusion about diversity jurisdiction is a usurpation as

"unavailing" and that the Court's determination of diversity jurisdiction "is not void").

      The Court made specific findings that it had subject matter jurisdiction in this case based

on diversity. ECF 90, 101. That was a jurisdictional finding based on PCIC's factual assertions

relating to its citizenship, HMI's factual assertion relating to its citizenship, and the amount in

controversy. Even assuming PCIC's purported "reevaluation" of its citizenship is correct and

PCIC is a citizen of Oregon (which HMI disputes), that would only mean that the Court's

jurisdictional finding was erroneous, and the parties are not diverse. The Court, however, had an

"arguable basis" for concluding it had jurisdiction. *See Espinosa*, 559 U.S. at 271. The Court

"had jurisdiction over cases between diverse parties and [found] that the parties before it satisfied

the requirements of 28 U.S.C. § 1332. [The Court] did nothing more than erroneously exercise

its diversity jurisdiction in this particular case. . . . [The] exercise of jurisdiction in this instance

does not amount to a total usurpation or extension of jurisdiction." *See Gschwind*, 232 F.3d

at 1347-48; *see also Thompson v. Target Corp.*, 861 F. App'x 325, 328 (11th Cir. 2021)

("Considering together all of Thompson's claims for damages, the district court maintained an

'arguable basis' for finding diversity jurisdiction existed. Therefore, we affirm the district court's

denial of Thompson's motion under Rule 60(b)(4)." (citation omitted)). Accordingly, the Court

denies PCIC's motion to reconsider its Judgment or vacate the Judgment as void.[4]

_____

[4] Even if the Court were to consider PCIC's motion on the merits, the Court doubts the merits of PCIC's argument. PCIC made the factual statement in its Corporate Disclosure Statement that its LLC members were citizens of states other than Oregon. "A stipulation of fact has the force of a finding. . . . This is true though the fact is jurisdictional." *Verzosa v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 589 F.2d 974, 977 (9th Cir. 1978); *see also Ahvakana v. United States*, 2022 WL 489613, at *4 (D. Alaska Feb. 17, 2022) (describing the function of a judicial admission to "serve[] to set aside a fact as uncontested. The admitting party cannot later controvert it with new evidence or argument, and the opposing party is entitled to rely on its conclusive and binding effect."). "While '(c)onsent of parties cannot give the courts of the United States jurisdiction, . . . the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission.'" *Verzosa*, 589 F.2d at 977 (alterations in original) (quoting *Ry. Co. v. Ramsey*, 89 U.S. 322, 327 (1874)); *see also Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1060 (5th Cir. 2022); *Big Lagoon Rancheria v. California*, 741 F.3d 1032, 1041 (9th Cir. 2014), *rev'd on other grounds on reh'g en banc*, 789 F.3d 947 (9th Cir. 2015), *as amended on denial of reh'g* (July 8, 2015); *EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 330 (5th Cir. 2012); *Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 265 (4th Cir. 2004). "A judicial admission is binding before both trial and appellate courts." *United States v. Crawford*, 372 F.3d 1048, 1055 (9th Cir. 2004) (en banc). Because PCIS's Corporate Disclosure Statement is not a pleading, *see* Fed. R. Civ. P. 7(a), whether to accept its factual statements contained therein as judicial admissions would be at the discretion of the Court. *Cf. Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir. 2003) (addressing the discretionary standard for nonpleading briefs filed).

The Court would exercise its discretion and accept PCIC's jurisdictional factual admissions as judicial admissions. There is significant prejudice to HMI and PCIC does not offer a credible explanation for the delay in discovering its new position. *See Ahvakana*, 2022 WL 489613, at *8.

PCIC stresses that "no action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). While PCIC "correctly quotes *Compagnie des Bauxites*, it overlooks the distinction between an admission that federal subject matter jurisdiction exists, and an admission of facts serving in part to establish federal subject matter jurisdiction." *Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986); *see also WM Mobile Bay Env't Ctr., Inc. v. The City of Mobile Solid Waste Auth.*, 672 F. App'x 931, 933 (11th Cir. 2016) ("The fatal flaw in the Appellant Authority's entire argument is that it admitted sufficient facts to establish diversity jurisdiction on which the district court properly relied. The Authority has offered no reason, much less a compelling reason, why the Authority should not be held to that factual admission, especially after a full jury trial and entry of final judgment in the district court.").

The facts admitted by PCIC are not a consent to jurisdiction. PCIC admitted to the membership

### D. Motion for Sanctions

HMI moves for sanctions for PCIC's conduct relating to its changed position on jurisdiction. HMI requests sanctions of: (1) a fee multiplier of three for its pending fee petitions; (2) attorney's fees for responding to PCIC's motion to inquire and motion to reconsider and dismiss with a multiplier of 3; and (3) punitive damages of $5 million. HMI acknowledges that its request for punitive sanctions triggers due process concerns that require PCIC be afforded procedural protections equal to those of a criminal jury trial. *See Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1089 (9th Cir. 2021).

---

of its LLC and the states in which those members were citizens. That does not confer diversity jurisdiction on its own. The Court must make additional findings, including HMI's citizenship and the amount in controversy. A similar argument to PCIC's was rejected by the court in *Ahvakana*, which noted that "a party may admit to a jurisdictional fact" and "this admission may be binding even if the party later argues the jurisdictional fact is false." 2022 WL 489613, at *7. The court explained that this is because the "admission was not a concession of jurisdiction; rather, it is an admission of a fact which may, when viewed together with other facts, lead to the legal conclusion that jurisdiction is proper" and the admission is just "one ingredient in subject matter jurisdiction." *Id.* at *7-8; *see Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("This is not to say that a defect in jurisdiction can be avoided by waiver or stipulation to submit to federal jurisdiction. It cannot. But a judicial admission of a fact is not the same thing as a waiver or a stipulation." (citation omitted)); *see also Durbois*, 37 F.4th at 1060; *Serv. Temps Inc.*, 679 F.3d at 330; *Meyer*, 372 F.3d at 265; *Ferguson*, 780 F.2d at 551; *Verzosa*, 589 F.2d at 977.

In resolving PCIC's motion to inquire, the Court focused on *United States v. Ceja-Prado*, 333 F.3d 1046 (9th Cir. 2003). Upon further reflection, however, the Court finds the criminal case of *Ceja-Prado* distinguishable and that this case is more analogous to the civil cases of *Durbois*, *Serv. Temps Inc.*, *Meyer*, *Ferguson*, and *Verzosa*. Indeed, in discussing some specific exceptions to its holding in the context of diversity jurisdiction, the panel stated: "Certainly, the policy reasons that might support a diversity exception are not applicable to federal criminal cases, much less to criminal pleas from which convictions necessarily follow." *Id.* at 1051. *Ceja-Prado* was not an en banc decision. It did not purport to overturn *Verzosa*. Indeed, it did not mention *Verzosa*. Nor did it mention the Supreme Court's decision in *Ramsey* or the many circuit court cases that have cited *Ramsey* or otherwise held that parties may admit facts that are relied on to establish jurisdiction and courts may act judicially upon such admissions, including many Ninth Circuit decisions. It thus is distinguishable in this civil case in which PCIC's admitted facts are just "one ingredient" to diversity jurisdiction.

PAGE 14 – OPINION AND ORDER

Punitive sanctions are "intended to vindicate the court's authority and the integrity of the judicial process." *Id.* (quotation marks omitted). If the Court were not denying PCIC's motion, the Court might consider HMI's motion for punitive sanctions to vindicate the integrity of the judicial process. Because the Court is denying PCIC's motion, however, the Court does not find punitive sanctions appropriate. Thus, the Court denies PCIC's request for a fee multiplier on any of its fee requests and for $5 million in punitive sanctions.

As for HMI's request for attorney's fees to respond to PCIC's Motion to Inquire and motion to reconsider and dismiss, the Court evaluates this as a compensatory or remedial sanction. *See id.* The Court has authority to levy such sanctions under FRCP 11 and under the Court's inherent authority. "District courts can use Rule 11 to impose sanctions on any party that files a motion for an 'improper purpose' or who does so without a legal or factual basis." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). Federal courts also "possess certain 'inherent powers,' not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quotation marks and citation omitted)).

As discussed above, for at least nine years PCIC has known about the precise legal argument it now claims to have "discovered." It contends that it did not believe that legal position had merit until now, when it "re-examined the facts and the law." PCIC offers no credible explanation for why it repeatedly fought against the legal position it now proffers, even though it specifically sought a declaration from the Eastern District of New York for clarification on how to consider citizenship for diversity jurisdiction. PCIC contends that it was "confused"

by "contradictory precedent." The cases it cites as "holding" that it had diversity citizenship, however, did not adjudicate the question at issue. Those courts appear to have accepted PCIC's assertion of its citizenship when it was not disputed on this basis. In any event, PCIC offers no new legal authority or change in the law, no new factual information, or any other explanation for why it now engaged in this "reexamination" when in 2015 it was evident that there were some problems with PCIC's position on its citizenship. The only new factor is that PCIC lost a $2.5 million judgment. Even more troubling is that PCIC changed how it alleged its citizenship under the Risk Retention Group Act after the *Joseph & Sons* loss to downplay the potential citizenship repercussions of the Act. *Compare* ECF 153-1 at 7 (alleging in the *Joseph & Sons* complaint that PCIC is organized under the Risk Retention Act and that "[u]nder the Act, each policyholder is a member/owner of the group for purposes of enabling a group purchase of insurance at more affordable rates"), *with* ECF 153-1 at 62-74 (containing no risk retention group or Risk Retention Act allegation).

The Court asked PCIC for information relating to the cases it litigated in federal court under diversity jurisdiction since it removed this case, including pending cases. As of April 14, 2022, PCIC was litigating ten cases in federal court under diversity jurisdiction and it had closed two cases after the Court directed PCIC to provide the information. It had litigated to close 30 other cases. PCIC had removed to federal court 12 of the 42 cases. In response to the Court's question of whether PCIC believed those courts properly had or have diversity jurisdiction of the 42 cases, PCIC stated that it will "take steps to alert" those cases after this Court issues its nonbinding opinion on the issue. In support of this noncommittal answer, PCIC relies on its purported "confusion" based on the "contradictory" opinions it had received in the past. First, that argument would support PCIC immediately alerting every district court in which it currently

is litigating under diversity jurisdiction because under PCIC's argument, different district courts come to different conclusions on the question of the citizenship of a risk retention group LLC. District court opinions are not binding on one another. Second, as discussed, it is not clear from the record that PCIC faced inconsistent decisions on the merits. As HMI points out, the "decisions" PCIC cites as supporting its previous understanding of the law do not appear to have been cases in which diversity jurisdiction was contested or the citizenship of PCIC as a risk retention group LLC was litigated. Third, PCIC did not behave with any confusion after the *Joseph & Sons* opinion, but represented its citizenship with confidence. It even changed its representations to downplay potential confusion by a reviewing court and it no longer requested clarification.

After considering the record in this case, the Court finds that PCIC has not provided a credible or reasonable purpose for its Motion to Inquire and motion to reconsider and dismiss this case other than the manipulation of jurisdiction to eradicate the signification judgment against PCIC. The Court finds that this conduct warrants compensatory sanctions to HMI in having to defend these motions. *Cf. Ceja-Prado*, 333 F.3d at 1051 n.5 (noting that even if a court is without subject matter jurisdiction, it can award sanctions to "deter efforts to manipulate jurisdiction"). The Court awards HMI its attorney's fees related to both motions under FRCP 11 and under the Court's inherent authority to address an abuse of the judicial system. The Court assesses the sanctions against PCIC and not against its attorneys.

## E.  F&R on Prejudgment Interest

On February 14, 2022, Judge You issued an F&R in this case on HMI's motion for prejudgment interest. Judge You recommended that this Court grant HMI's motion and amend the Judgment to grant prejudgment interest of $887,054.79, for interest on the $2.5 million from

the date of the state court stipulated judgment through July 6, 2021, the date of the Court's original Judgment.

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PCIC objects to the F&R. PCIC argues that the underlying stipulated state court judgment of $2.5 million that HMI claimed PCIC had to pay was an agreement between self-interested parties and thus it needed the approval of a court that it was reasonable before it could be considered "ascertainable." PCIC cites no authority for this proposition. PCIC generally argues that this case is analogous to *Gosney* v. *Fireman's Fund Ins. Co.*, 3 Wash. App. 2d 828 (2018), decided under Washington law. As the F&R correctly discusses, Oregon law is different than Washington law and applies the "post-judgment hindsight" rule. Oregon law considers whether damages are readily ascertainable from an objective, post-judgment perspective. That complex disputed issues of fact may have needed to be resolved do not preclude a finding of prejudgment interest. For this reason and the others stated in HMI's response to PCIC's objection, the Court adopts Judge You's F&R.

There is, however, an issue about the date prejudgment interest ends and postjudgment interest begins. The Ninth Circuit held in *Dishman v. UNUM Life Insurance Co. of America* that prejudgment interest ends and postjudgment interest commences from "a final, appealable judgment" or "final, appealable order." 269 F.3d 974, 990-91 (9th Cir. 2001). The Ninth Circuit believed this to be a clear dividing line because a final judgment either "exists, or one does not."

*Id.* at 991. In *Dishman*, the district judge had entered orders that were not final because they contained an improper sentence that the district court might amend them later. The Ninth Circuit believed requiring a final, appealable order created clarity. The Ninth Circuit added that if "plaintiffs want postjudgment interest to start, or defendants want prejudgment interest to stop, they will likely take action to ensure that the judgment is final." *Id.* at 991.

The Ninth Circuit's instruction that parties can act to ensure that a judgment is final appears to be directed at the initial judgment and contemplate the type of order at issue in *Dishman*—an order that included a reference that it could be amended, thus rendering it nonfinal. This does not appear to apply to circumstances like this case, where a court enters an indisputably final, appealable judgment, and then one party later files a motion under FRCP 59 or FRCP 60 that delays the appealability of the judgment. In these circumstances, the clear dividing line and the statement that final judgment either exists or does not gets murky. The final, appealable judgment existed on July 6, 2021, ending the time for prejudgment interest and beginning the time for postjudgment interest. Indeed, the Court specifically awarded in that judgment postjudgment interest beginning on July 6, 2021. This final, appealable judgment existed until August 2, 2021, when HMI moved for prejudgment interest, requesting interest through July 6, 2021. At that point, however, the judgment was no longer appealable until the Court resolved the FRCP 59(e) motion for prejudgment interest.

The Court does not interpret *Dishman* as requiring the Court, upon the filing of HMI's FRCP 59(e) motion, to change the date for prejudgment interest from the original final, appealable judgment date of July 6, 2021 to the date it resolves HMI's FRCP 59(e) motion and enters an amended or supplemental judgment. If the Court materially changed its original damages judgment in response to a postjudgment motion, then it might be appropriate to change

the date through which prejudgment interest accrues or postjudgment begins, because the

ascertainability date of the damages would be altered. *See, e.g.*, *Kaiser Alum. & Chem. Corp. v.*

*Bonjorno*, 494 U.S. 827, 835-36 (1990) (stating that "[t]he purpose of postjudgment interest is to

compensate the successful plaintiff for being deprived of compensation for the loss of time

between the ascertainment of the damage and the payment by the defendant," and that "[w]here

the judgment on damages was not supported by the evidence, the damages have not been

'ascertained' in any meaningful way"); *Tinsley v. Sea-Land Corp.*, 979 F.2d 1382, 1383 (9th

Cir. 1992) (concluding that damages were sufficiently ascertained as of the original judgment

even though the appeals court "ordered the district court to reduce the damage award in

proportion to the plaintiff's comparative negligence"). That is not the case here. Thus, the Court

adopts Judge You's award of prejudgment interest through July 6, 2021.

      The Court's interpretation is consistent with how many district courts in this Circuit

award prejudgment interest—through the original final judgment and not the amended or

supplemental final judgment that ultimately awards the prejudgment interest. *See, e.g.*, *Zurich*

*Am. Ins. Co. v. Intermodal Maint. Servs., Inc.*, 2015 WL 5177761, at *4 (D. Nev. Sept. 3, 2015)

(granting FRCP 59(e) motion for prejudgment interest and awarding prejudgment interest as of

the date of the original judgment); *Trustees of the Eighth Dist. Elec. Pension & Ben. Funds v. JP*

*Morgan Chase Bank*, 2015 WL 439677, at *3-5 n.6 (D. Idaho Feb. 3, 2015) (same); *Custom*

*Homes by Via LLC v. Bank of Oklahoma*, 2014 WL 2778822, at *3 (D. Ariz. June 19, 2014),

*aff'd sub nom. Custom Homes By Via, LLC v. Bank of Oklahoma, NA*, 637 F. App'x 356 (9th

Cir. 2016) (same); *Ramparts, Inc. v. Fireman's Fund Ins. Co.*, 2011 WL 3667506, at *3 (D. Nev.

Aug. 22, 2011), *aff'd*, 510 F. App'x 566 (9th Cir. 2013) (same); *but see R.E.I. Transp., Inc. v.*

*C.H. Robinson Worldwide, Inc.*, 2007 WL 4225669, at *3 (S.D. Ill. July 10, 2007), *aff'd sub*

*nom. on other grounds REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693 (7th Cir. 2008) (citing *Dishman*, along with a Seventh Circuit case, to conclude that prejudgment interest runs through the amended judgment).

## CONCLUSION

The Court ADOPTS Judge You's Findings and Recommendation, ECF 148. The Court GRANTS HMI's Motion for an Award of Prejudgment Interest and Amendment of Judgment, ECF 106. The Court awards to HMI prejudgment interest through July 6, 2021, in the amount of $887,054.79, and will issue a supplemental judgment. The Court GRANTS IN PART HMI's Motion for Sanctions, ECF 160. The Court awards to HMI as sanctions against PCIC HMI's reasonable attorney's fees and costs related to litigating PCIC's motion to inquire and motion for reconsideration and to dismiss. HMI is directed to submit a motion detailing these expenses within 14 days of this Opinion and Order. The Court DENIES PCIC's Motion to Dismiss or Remand for Lack of Subject Matter Jurisdiction and Motion for Relief from Summary Judgment Order, ECF 163.

**IT IS SO ORDERED.**

DATED this 30th day of August, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge